IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROY PLUMLEY,

       Petitioner,

v.                                              No. CIV 98-1577 M/JHG

KENNETH S. APFEL, Commissioner,
Social Security Administration,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint on the grounds that this Court is without jurisdiction over the subject matter of the action. Defendant claims Plaintiff has failed to exhaust his administrative remedies with respect to his claim for benefits and thus there is no "final decision" by the Commissioner, as contemplated by 42 U.S.C. § 205(g), for this Court to review. Having reviewed the motion, the memoranda in support and in opposition, the Court finds that the motion is well taken and should be granted.

Plaintiff filed this action for judicial review of Commissioner's dismissal of Plaintiff's request for a hearing on his claim for benefits under Title II of the Social Security Act. On December 24, 1997, the Administrative Law Judge (ALJ) issued his decision finding that Plaintiff was not entitled to disability insurance benefits. The decision also outlined Plaintiff's appeal rights. Specifically, the decision informed Plaintiff that he had sixty (60) days to file an appeal with the Appeals Council. Def.'s Ex. 1. The decision also advised Plaintiff that the Appeals

Council would dismiss a late request for review unless Plaintiff showed good cause for not filing it on time. *Id.* Plaintiff failed to appeal the unfavorable decision.

On May 26, 1998, Plaintiff's counsel wrote to the Appeals Council and appealed the ALJ's decision. Def.'s Ex. 4. Plaintiff's counsel also requested permission to "submit additional medical records" on behalf of Plaintiff. *Id.* On June 8, 1998, Plaintiff's counsel informed the Appeals Council that he was representing Plaintiff and attached Plaintiff's affidavit "regarding the circumstance of the late filing of the request for review." Def.'s Ex. 2. On June 15, 1998, Plaintiff's counsel wrote the Appeals Council to submit Plaintiff's Request for Review which he inadvertently forget to enclose with the June 8, 1998 letter. Def.'s Ex. 4. On July 6, 1998, Plaintiff's counsel submitted Plaintiff's Disability Report. *Id.*

On October 2, 1998, the Appeals Council entered its Order dismissing Plaintiff's request for review. The Appeals Council found that the request for review was untimely filed and further found that Plaintiff had failed to show good cause for not filing it on time. Def.'s Ex. 3.

On February 10, 1999, the ALJ wrote Plaintiff's counsel, informing him that the letters of May 26, 1998, June 15, 1998 and July 6, 1998 had been associated with the claim file in Plaintiff's case. Def.'s Ex. 5. The ALJ also found that the letters did not provide a basis for changing the Appeals Council's Order dismissing the request for review.

Judicial review of cases arising under Title II of the Social Security Act is provided in section 205(g) and expressly limited by section 205(h). 42 U.S.C. § 405 (g) and (h). Section (g) provides in pertinent part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of

2

> such decision or within such further time as the Commissioner of Social Security may allow . . . As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .

Section 205 (h) provides in pertinent part:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

Therefore, the only judicial remedy available to an individual on a claim arising under Title II of the Social Security Act is by a civil action brought against the Commissioner of the Social Security Administration under § 205(g). To bring an action under § 205(g), an individual has to have been a party to a hearing before the Commissioner, there has to be a final decision of the Commissioner, and the individual must timely commence a civil action in the proper district court.

In this case, Defendant contends Plaintiff failed to exhaust his administrative remedies when he failed to timely file his request for review with the Appeals Council. The Court agrees. In *Brandtner v. Dep't of Health and Human Services*, 150 F.3d 1306 (10th Cir. 1998), the Court of Appeals addressed this issue. The Court of Appeals for the Tenth Circuit found that, because plaintiff failed to make a timely request for review of the ALJ's decision denying benefits to the Appeals Council, plaintiff was bound by the ALJ's decision. *Id.* at 1307. The Court further found that the Appeals Council's dismissal of plaintiff's request for review was binding and not subject to further review. *Id.* The Court reasoned that the dismissal as untimely was not a

decision on the merits or a denial of a request for review by the Appeals Council both of which constitute final decisions and can be reviewed by the federal district court. Because there was no final decision of the Commissioner there was no "final decision" for the court to review as contemplated under § 205(g). *Id.* Thus, the Court held it had no jurisdiction to review a decision when the Appeals Council has dismissed an untimely request for review and affirmed the district court for dismissing the action for that reason. *Id.* Accordingly, Defendant's motion to dismiss is granted, and Plaintiff's action is dismissed with prejudice.

## RECOMMENDED DISPOSITION

The Court recommends that Defendant's Motion to Dismiss be granted and this case be dismissed with prejudice.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.